OPINION
Defendant, Thomas B. Scott, appeals from a judgment of the Franklin County Court of Common Pleas sentencing him to consecutive sentences on his multiple convictions for burglary.
During a two-week period in November 2000, defendant burglarized five homes in Reynoldsburg, Ohio, to support his drug addiction. Four of the five burglaries occurred at night, while the victims, including children, were at home. Some of the property stolen from the victims' homes was discovered in defendant's residence. Prior to the commission of these crimes, defendant had compiled a lengthy criminal history, including burglary, theft, carrying a concealed weapon, resisting arrest, and assault.
In December 2000, defendant was indicted on five counts of burglary in violation of R.C. 2911.12, all felonies of the second degree. Pursuant to a plea agreement, defendant entered guilty pleas to four counts of burglary. Upon recommendation of the prosecutor, a nolle prosequi was entered on the fifth count. A sentencing hearing was held pursuant to R.C. 2929.19, after which the trial court sentenced defendant to a three-year term of imprisonment on each of the four counts and ordered the sentences to run consecutively, for an aggregate prison sentence of twelve years. On June 18, 2001, the trial court journalized an entry memorializing its sentencing decision. Defendant filed a timely appeal from the trial court's judgment and advances two assignments of error for our review:
 [1.] An accused's due process rights are violated under Section 10, Article I of the Ohio Constitution and the Fifth and Fourteenth Amendments to the United States Constitution, when the trial court abuses its discretion in giving Appellant consecutive sentences without properly considering the factors set forth in Ohio Revised Code §§ 2929.12 and 2929.14.
 [2.] The trial court committed reversible error by sentencing Appellant to consecutive sentences in violation of R.C. § 2953.08(C).
Both of defendant's assignments of error present challenges to the trial court's imposition of consecutive sentences. In his first assignment of error, defendant contends that the trial court failed to give proper consideration to the sentencing factors set forth in R.C.2929.12 and 2929.14. The state concedes that the trial court failed to make the necessary statutory findings as required by R.C. 2929.14(E)(4) before imposing consecutive sentences.
We note initially that a trial court has broad discretion when sentencing within the statutory limits provided. State v. Haines (1998), Franklin App. No. 98AP-195. A reviewing court may not disturb a sentence imposed by a trial court unless it finds by clear and convincing evidence that the sentence is not supported by the record or is contrary to law. Id.
Pursuant to R.C. 2929.14(E), the court may impose consecutive sentences for conviction of multiple offenses if the court finds that consecutive sentences are necessary to protect the public from future crime or to punish the offender and that consecutive sentences are not disproportionate to the seriousness of the offender's conduct and to the danger the offender poses to the public, and if the court also finds any of the following:
 (a) The offender committed the multiple offenses while the offender was awaiting trial or sentencing, was under a sanction imposed pursuant to Section 2929.16, 2929.17, or 2929.18 of the Revised Code, or was under post-release control for a prior offense.
 (b) The harm caused by the multiple offenses was so great or unusual that no single prison term for any of the offenses committed as part of a single course of conduct adequately reflects the seriousness of the offender's conduct.
 (c) The offender's history of criminal conduct demonstrates that consecutive sentences are necessary to protect the public from future crime by the offender.
Further, when a trial court imposes consecutive sentences under R.C.2929.14, it must also comply with R.C. 2929.19(B)(2)(c) which requires that the sentencing court "make a finding that gives its reasons for selecting the sentences imposed." As defendant argues, the sentencing factors listed in R.C. 2929.12 may relate to the reasons for imposing consecutive sentences. R.C. 2929.12(A) confers upon the trial court discretion over how to effectively comply with the purposes and principles of sentencing set forth in R.C. 2929.11. R.C. 2929.12(A) further provides that in the exercise of such discretion, courts must consider the applicable aggravating and mitigating factors in the statute.
The requirement that a court give its reasons for selecting consecutive sentences is separate and distinct from the duty to make the findings required by R.C. 2929.14(E)(4). State v. Rich (2001), Pickaway App. No. 00CA46. Thus, after the court has made the required findings under R.C.2929.14, it must then justify those findings by identifying specific reasons supporting the imposition of consecutive prison terms. Id.; see, also, State v. Hurst (2000), Franklin App. No. 98AP-1549. The findings mandated by R.C. 2929.14(E) and R.C. 2929.19(B)(2) must appear somewhere in the record of sentence, either in the judgment entry or in the transcript of the sentencing hearing. State v. Fitzpatrick (2000), Lake App. No. 99-L-164. A trial court's failure to sufficiently state its findings and reasons requires remand for resentencing. State v. Steele (2001), Franklin App. No. 00AP-499.
In the instant case, the trial court's judgment entry contains only the formulaic recitation that the trial court considered the purposes and principles of sentencing set forth in R.C. 2929.11 and the factors set forth in R.C. 2929.12 and weighed the factors set forth in R.C. 2929.13
and 2929.14. The entry does not contain any express findings or reasons for imposing consecutive sentences.
The transcript of the sentencing hearing also fails to demonstrate that the trial court made the statutorily required findings for imposing consecutive sentences. At the sentencing hearing, the trial court stated on the record:
 * * * Under the seriousness factors I have to weigh * * * I'm finding that the victims suffered economic harm. Under the any other factors category * * * the legislature changed the crime of burglary years ago to do away with burglary in the night season, but nevertheless, it is one of those things that invades the psyche a little bit. It makes people feel more vulnerable as a result of the invasion into their home. And it is no less real to the victim, it seems to me, that they don't know why you are there. They don't have any idea why you are in their home. All they know is that somebody has broken into their home. * * *
 Under the seriousness factors, I'm placing the most weight on the more serious category.
 With respect to recidivism, you were on parole at the time you committed these offenses. You've got prior adjudications. You have been to the joint previously.
 As a result of committing these new acts, you failed to respond favorably to parole, as you admittedly have committed these crimes as a result of your drug and alcohol addiction. You appear today to be genuinely remorseful. I'm placing the most weight on the likely to re-offend category.
* * *
 * * * Under [R.C.] 2929.14(E)(3), the court is going to run [the sentences] consecutive to each other. I'm finding your criminal history shows that consecutive terms are needed to protect the public. That the crimes were committed while you were under parole. [June 14, 2001 Tr. at 30-31.]
As evidenced by the foregoing, the trial court, in imposing consecutive sentences, expressly found under the unlettered provisions of R.C.2929.14(E)(4) that consecutive sentences were necessary to protect the public from future crime. The court did not find, however, that consecutive sentences are not disproportionate to the seriousness of defendant's conduct and to the danger defendant poses to the public. The court further found, under R.C. 2929.14(E)(4)(a), that defendant committed the offenses while under parole for a prior offense, and under R.C. 2929.14(E)(4)(c), that defendant's history of criminal conduct demonstrated that consecutive sentences are necessary to protect the public from future crime by defendant.
Because the trial court did not make the requisite findings under the unlettered provisions of R.C. 2929.14(E)(4), either in its judgment entry or on the record during the sentencing hearing, it erred in imposing consecutive sentences and the matter must be remanded for resentencing. On remand, the trial court must make specific findings on the record with respect to the R.C. 2929.14(E) factors if it seeks to impose consecutive sentences. Until such is done, we need not address whether the trial court sufficiently considered all applicable factors, justified its findings by identifying specific reasons supporting the imposition of consecutive sentences, or whether the record would support such reasons. State v. Wolford (2000), Franklin App. No. 00AP-378. We add that this court's reversal and remand of this matter does not imply either approval or disapproval of the sentence imposed; rather, it denotes only that the record before us does not statutorily support the imposition of consecutive sentences. Accordingly, the first assignment of error is well-taken.
Defendant contends in his second assignment of error that the imposition of consecutive sentences was improper under R.C. 2953.08(C) because the aggregate sentence of twelve years exceeds the maximum prison term of eight years allowed for a second degree felony. Given our determination that the case must be remanded for resentencing, defendant's contention is moot. However, we note that this court has repeatedly held that R.C. 2953.08(C) does not prevent the trial court from imposing consecutive sentences in the aggregate even if the consecutive sentences exceed the maximum prison term allowed by R.C.2929.14(A) for the most serious offense for which the defendant was convicted. Haines, supra; State v. Norvett (2001), Franklin App. No. 01AP-572; State v. Harper (2000), Franklin App. No. 00AP-23; State v. Drake (1999), Franklin App. No. 99AP-394. As we explained in Haines:
 R.C. 2953.08(C) gives a defendant a right to appeal consecutive sentences if he was sentenced under R.C. 2929.14(E)(3) or (4), and if the total consecutive sentence exceeds the maximum prison term allowed under R.C. 2929.14(A). However, this basis or condition of appeal, which is designed to limit the number of appeals which can be brought under R.C. 2953.08(C), does not in itself provide a ground for appeal. (Citation omitted.)
* * *
 * * * [T]he right to appeal a sentence under R.C. 2953.08(C) does not mean that consecutive sentences for multiple convictions may not exceed the maximum sentence allowed for the most serious conviction. To so construe the statute would demean the sentencing process to the point that it would permit one person to receive a maximum sentence for committing one felony while allowing another person to receive only the same maximum sentence for committing one hundred similar felonies. While the right to appeal may be granted if the conditions of R.C. 2953.08(C) are met, such right to appeal does not limit the court's ability to impose consecutive sentences.
 R.C. 2929.14(E)(5) states that when "consecutive prison terms are imposed pursuant to division (E)(1), (2), (3) or (4) of this section, the term to be served is the aggregate of all the terms so imposed." The statutory authority to impose consecutive sentences "does not in any way restrict or limit the aggregate term of incarceration that a trial court can impose." R.C. 2953.08(C) provides "no basis to limit the aggregate term of consecutively-imposed criminal sentences. [Id., citing State v. Albert (1997), Cuyahoga App. No. 72677.]
Thus, we find no merit in defendant's contention that the trial court violated R.C. 2953.08(C) in imposing consecutive sentences, the aggregate of which exceed the maximum prison term allowed for a second degree felony.
For the foregoing reasons, defendant's first assignment of error is sustained and the second assignment of error is moot. Accordingly, the judgment of the Franklin County Court of Common Pleas is reversed, and this cause is remanded for resentencing in accordance with law and consistent with this opinion.
Judgment reversed and cause remanded.
BRYANT and LAZARUS, JJ., concur.